IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| YVONNE DORRAH,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No. **11-CV-04070-DEO**<br><br>**ORDER** |

_____

**I.   INTRODUCTION AND BACKGROUND**

This matter is before this Court on the United States of America's (Defendant's) Rule 12(b)(1) and 12(b)(6) motion to dismiss Yvonne Dorrah's (Plaintiff's) complaint for lack of subject-matter jurisdiction. Docket No. 6. Plaintiff alleges that she was attending an air show sponsored by the 185th Air Refueling Wing of the Air National Guard in Sioux City, Iowa, when she tripped and fell over a grounding wire.[1] Docket Nos. 2, 1 and 6-1, 3.

**II.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Though the federal government was traditionally immune from suit on the basis of sovereign immunity, the Federal Tort Claims Act of 1946 provided a "broad waiver of sovereign

---

[1] Grounding wires extend from the planes to the ground and prevent static electric discharge which could damage the planes.

immunity . . . ." Kosak v. U.S., 465 U.S. 848, 852 (1984). In the wake of the Federal Tort Claims Act, Congress also passed 28 U.S.C. § 1346(b)(1), providing district courts a distinct basis of jurisdiction for hearing suits against the Federal Government. In pertinent part, 28 U.S.C. § 1346(b)(1) states:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for . . . personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Both parties agree that 28 U.S.C. § 1346(b)(1) applies in this case. Docket No. 2, 1 and 6-1, 3-4. However, Defendant correctly notes and Plaintiff concedes that Defendant is "entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States . . . as well as any other defenses to which the United States is entitled." 28 U.S.C. § 2674. More specifically, Defendant contends it is immune under the Iowa recreational use statutes. Docket No. 6-1, 6; I.C.A. §§ 461C.1 et seq. Section 461C.3 of the Iowa

Code provides:

> an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes . . . or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

The Eighth Circuit has ruled that "the United States is entitled to the benefit of state recreational use statutes, if applicable, when it is sued under the federal Tort Claims Act." Wilson v. U.S., 989 F.2d 953, 956-57 (8th Cir. 1993). However, Plaintiff contends recreational use immunity does not apply in this case for three reasons: (1) the incident complained of involved intervening negligence; (2) the air show was not a recreational use; and (3) there was consideration given for the use. In addition, Plaintiff requests this Court allow her additional discovery in order to further develop her arguments.

**A. Whether Discovery is Appropriate Prior to Ruling on a Rule 12(b)(1) Motion to Dismiss.**

Neither Plaintiff nor Defendant cite cases indicating discovery is either required or improper prior to ruling on a motion to dismiss for lack of subject matter jurisdiction, and there appears to be no binding case law directly on point.

Though circuit courts have generally allowed district courts broad discretion in going about a determination of whether they have subject-matter jurisdiction, it is clear that the balance of authority indicates a district court's most basic duties to administer justice and vindicate the violation of rights often make discovery appropriate, if not a prerequisite, when a motion to dismiss relies on facts not readily available to a plaintiff.  See Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2nd Cir. 1986) (noting that most courts "have required that the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party"); Budde v. Ling-Temco-Vought, Inc., 511 F.2d 1033, 1035 (10th Cir. 1975) (providing that courts have broad discretion in deciding jurisdictional issues and either party should generally be allowed discovery on any factual issues raised) and Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir. 2011) (while no right to a jury trial exists in relation to "factual determinations decisive of a motion to dismiss for lack of jurisdiction," a court should provide an opportunity for discovery if appropriate).

The Defendant primarily relies on the Eighth Circuit's decision in <u>Osborn v. U.S.</u> for the proposition that discovery should not be allowed prior to a ruling on a motion to dismiss for lack of jurisdiction.  However, <u>Osborn</u> simply notes that a motion to dismiss for lack of subject-matter jurisdiction is not the same as a Rule 56 motion for summary judgment, and a decision in relation to a motion to dismiss for lack of subject-matter jurisdiction should be made prior to trial unless "the jurisdictional issue is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue."  918 F.2d 724, 730 (8th Cir. 1990) (citations omitted). Rather than standing for the proposition that a court must rule on a motion to dismiss for lack of subject matter jurisdiction prior to discovery, the <u>Osborn</u> Court, though not addressing the issue of discovery directly, recognized that there can be facial or factual challenges to subject matter jurisdiction and thus suggests discovery may be appropriate. <u>Id.</u> at 729, fn 6 (citing <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3rd Cir. 1977).

While discovery prior to a court ruling on a motion to dismiss for subject matter jurisdiction is rarely required, it is, especially when related to facts outside of a plaintiffs

control, often advisable. Thus, in this Court's view, it must be determined whether Plaintiff's arguments against application of Iowa Recreational Use Immunity hinge upon facts unavailable to them absent discovery.

**B.  Whether Additional Discovery is Appropriate to show that the Incident in Question Involved an Intervening Act of Negligence?**

In Scott v. Wright, the Iowa Supreme Court upheld a judgment in favor of a plaintiff who was on the property of another for recreational purposes because the injury complained of was the result of an intervening act of negligence. 486 N.W.2d 40, 42 (Iowa 1992). The plaintiff in Scott was injured, not due to any dangerous condition inherent to the recreational property, but as a result of a vehicle accident for which the land owner was vicariously liable for negligence. Id.

The Scott Court held that recreational use immunity immunizes property owners only in relation to the duty "to keep premises safe" and the duty "to warn of dangerous conditions," but not in relation to other activities, such as vehicular negligence, of the property owner. Id. This result makes sense. While a landowner who allows people to use his

property out of gratuity for recreational purposes cannot and should not be held responsible for his negligent upkeep of his property, he can, if he joins the recreational user on his property, still be held responsible for other negligent actions. In other words, the immunization granted in recognition of his gratuity does not and should not outstrip the scope of his gratuity.

Plaintiff argues that additional discovery is necessary in this case in order to determine whether or not an independent contractor set up the grounding wire over which Plaintiff tripped; apparently, Plaintiff thinks the involvement of an independent contractor would constitute an intervening act of negligence; Plaintiff's argument mistakenly equates an intervening act with actions of an independent party. Under Plaintiff's interpretation of Scott, recreational use immunity would not shield a landowner from liability in relation to any structure on his property which the property owner did not build with his own bare hands, considering the modern realities of division of labor such a result is clearly unwarranted. While the actions of an independent party may constitute an intervening act of negligence as that term is used in Scott, they will not when

those actions directly affect a landowner's traditional duties to keep premises safe or warn of dangerous conditions, such as here.

Though additional discovery may often be appropriate prior to ruling on a motion to dismiss for lack of subject matter jurisdiction, it is a plaintiff's burden to show "that jurisdiction does in fact exist." Osborn, 918 F.2d at 730. Thus, if a plaintiff seeks to postpone a ruling on jurisdiction in order to conduct discovery, they should, at the very least, be able to tell a court what they expect to discover.  Since Plaintiff fails to make a plausible argument as to why discovery should be held to determine whether there was an intervening act of negligence, Plaintiff's request for additional discovery on these grounds is denied. Furthermore, intervening negligence, under these facts, is not a valid exception to recreational use immunity.

**C.   Whether Additional Discovery Should be Allowed to Demonstrate the Air Show does not Constitute a Recreational Purpose**

As previously noted, recreational use immunity only applies when others use land for a "recreational purpose." I.C.A. § 461C.3.  The Iowa Code defines "recreational purpose"

in terms of a list of activities considered to be recreational in nature. I.C.A. § 461C.2. Specifically, it provides that the "viewing or enjoying [of] historical . . . sites" is a protected recreational purpose. I.C.A. § 461C.2. In addition, the Eighth Circuit has ruled that the list of recreational activities listed in § 461C.2 is "illustrative only, not complete and exclusive." Hegg v. U.S., 817 F.2d 1328, 1330 (8th Cir. 1987)

The Defendant notes that the Air Show "featured aerial demonstrations attendees could watch, and military planes they could inspect, touch and go inside," including planes used since World War II, as well as farm implement displays of "antique tractors and other farm machinery equipment." Docket No. 6-2 and Docket No. 7-1, 3. Plaintiff neither alleges a purpose other than recreational for their attendance at the air show, nor provides a reasonable explanation as to why they would need discovery to explain their purpose for attending. Therefore, their request for discovery on this basis is denied; and an air show is a recreational activity.

**D. Whether Consideration was given for the Air Show Such that Recreational Use Immunity is Inapplicable?**

Even if land is used for a recreational purpose, a land

9

owner is still subject to liability if he "charges the person or persons who enter or go on the land for the recreational use thereof." I.C.A. § 461C.6. A "charge" is defined broadly as "any consideration" given in order to obtain "invitation or permission to enter or go upon the land." I.C.A. § 461C.2. Consideration is a legal term of art and should be given its ordinary meaning as used in the legal context. Ducey v. U.S., 713 F.2d 504, 510 (9th Cir. 1983). The most basic legal meaning of consideration is "something . . . bargained for and received;" it is one end of a quid pro quo. Black's Law Dictionary (9th ed. 2009), consideration.

The Defendant claims and has provided an affidavit indicating there was no fee charged for parking or attendance at the air show. Docket 6-1 and Docket No. 6-2. While the Plaintiff concedes there was no entry fee charged to the general public for attending, she contends Defendant's invitation to enter onto the land was not, ultimately, "gratuitous" and requests additional discovery to show that the event was held for the purpose of raising funds from vendors. Docket No. 7-1, 3. In support of this, Plaintiff notes that Defendant's Exhibit A, a press release for the Air Show, provides that attendees should not bring coolers or

backpacks, and food vendors will be available, thus implying "a profit motive . . . ." Docket Nos. 6-2 and 7-1, 3.

After serious consideration, this Court agrees with Plaintiff in that a "charge" need not be limited to an entry fee but may include other types of consideration, including consent to be sold food or other items. The obvious purpose of recreational use immunity is to limit the liability of those who allow others onto their property as a public service, not to provide immunity to those who provide recreational activities for commercial gain. If a recreational use is incidentally provided as part of a larger commercial scheme, the policy motivating recreational use immunity is no longer applicable.

The Defendant points out that, under the recreational use statutes, the "charge" must be "asked in return for invitation or permission to enter or go upon the land." Docket No. 10, 4 (citing I.C.A. §461C.2). In Defendant's view, this requires an entrance or parking fee prior to being admitted. However, to "ask" for consideration in return for permission to enter or go upon land is not the same as to "require" or "demand" consideration therefore. In this Court's view, the Iowa Legislature's use of the more permissive "ask" indicates that,

11

though no admission fee is charged, consent to be sold items once upon the land is sufficient. Under the Defendant's interpretation, an individual who attends an art gallery or antique shop without an admittance fee would be barred from filing a suit due to injury resulting from dangerous conditions on the premises. Additionally, under the Defendant's interpretation, even if a plaintiff attended an event with an entrance fee but that entrance fee was paid by a companion, the plaintiff would be barred from suit; such results are clearly contrary to the policy concerns underlying recreational use immunity.

In summation, providers of recreational activities who are primarily commercially motivated are not entitled to recreational use immunity. Further, if there is a plausible question as to whether or not the recreational use was commercially motivated, and such information is uniquely in a defendant's control, limited discovery is appropriate prior to ruling on a motion to dismiss for lack of subject matter jurisdiction.

**It is hereby ordered that Plaintiff has forty-five days to conduct discovery related to the economic benefits Defendant derived from hosting the Air Show. Such discovery**

**shall be reasonably limited to determining whether Defendant's purpose for holding the Air Show was motivated by a commercial or public service purpose. After discovery is complete, Plaintiff shall have ten days to re-submit a brief in resistance to Defendant's motion to dismiss for lack of jurisdiction. Defendant shall then have ten days to file a response.**

**III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant's argument for a motion to dismiss for failure to state a claim upon which relief can be granted depends on whether recreational use immunity applies.[2] **Since this Court has yet to determine whether Defendant is entitled to recreational use immunity, this Court's ruling in relation to Defendant's motion to dismiss for failure to state a claim is withheld.**

---

[2] Although a defendant is entitled to recreational use immunity, a defendant may still be liable for "willful or malicious failure[s] to guard or warn against . . . dangerous condition[s]." I.C.A. §461C.6. Defendant maintains that Plaintiff has failed to allege Defendant's actions were willful or malicious, and, therefore, if recreational use immunity applies, their complaint should be dismissed for failure to state a claim.

**IT IS SO ORDERED** this 13th day of March, 2012.

*/s/ Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa